**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

HOPE PATTERSON-SIMPSON,
an individual,

       Plaintiff,

vs.

KENT COUNTY MICHIGAN,
a municipal corporation,
and
MICHELLE LAJOYE-YOUNG, Sherriff of Kent County
in her official capacity,
and
DEPUTY AUBREY KIES,
DEPUTY KYLE KENNEMA,
DEPUTY DANIEL WHEELER,
DEPUTY MARK VANLENTE,
and other unnamed Kent County Deputies
in their individual and official capacities,
jointly and severally,

       Defendants.
_____/
BRIAN E. MUAWAD, P.C.
22330 Greater Mack Ave
St. Clair Shores, MI 48080
(586) 778-8570
muawadpcscs@sbcglobal.net
_____/

Case Number:
Honorable:

# COMPLAINT

Plaintiff, Hope Simpson, by and through her attorneys, the Law Offices of: Brian E. Muawad, P.C., complains against Defendants as follows:

1. This is an action brought by Hope Patterson-Simpson, an African American citizen to vindicate profound deprivations of his constitutional rights caused by

1

race based police brutality by Kent County Sheriff Deputies and its administration.

## I. FACTS

2. On or about December 25, 2019, Plaintiff was arrested for domestic violence.

3. Plaintiff was transported to the Kent County jail.

4. Upon arrival to the sally port of the jail, and while being taken out of the scout car, Plaintiff's shoe came off. Plaintiff turned around to get her shoe, at which time she was immediately thrown to the ground and pinned by four deputies.

5. The foregoing incident resulted in Plaintiff breaking her left arm. Plaintiff repeatedly requested medical attention due to her injury. None was ever provided, and her plea was ignored.

6. During this time, Plaintiff was wearing handcuffs, and was essentially immobile or restrained.

7. In concert or conspiracy, Defendants maliciously and baselessly beat Plaintiff and needlessly pinned her to the ground breaking her arm. The Defendants then failed to ever give Plaintiff the medical treatment she desperately needed and requested.

## II. JURISDICTION, VENUE, AND NOTICE

8. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought under 42 U.S.C. §§1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, 2201.

9. This case is instituted in the United States District Court for the Eastern District of Michigan under 28 U.S.C. §1391 as the judicial district in which all relevant

events and omissions started to occurred.

### III. PARTIES

10. At all times material to these proceedings, and at the above date, Plaintiff was a resident of the City of Muskegon, County of Muskegon, State of Michigan; and was a citizen of the United States of America.

11. At all times material to these proceedings, Deputy Aubrey Kies was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in her capacity as a law enforcement officer employed by the Kent County Sheriff's Department. Defendant Kies is sued individually.

12. At all times material to these proceedings, Defendant Deputy Kyle Kennema was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Kent County Sheriff's Department. Defendant Kennema is sued individually.

13. At all times material to these proceedings, Defendant Deputy Daniel Wheeler was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Clinton County Sheriff's Department. Defendant Daniel Wheeler is sued individually.

14. At all times material to these proceedings, Defendant Deputy Mark Vanlente was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Clinton County Sheriff's Department. Defendant Mark Vanlente is sued individually.

15. Defendant Kent County Michigan, hereinafter "Kent County" is a Michigan municipal corporation and is the legal entity responsible for itself and for the Clinton County Sherriff's Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

16. At all times material to these proceedings, Defendant Michelle Lajoye-Young was a citizen of the United States and a resident of the State of Michigan. Defendant Michelle Lajoye-Young is sued in his official capacity as the Sheriff of Kent County Michigan, employed by Defendant Kent County, and was acting under color of state law.

17. As Sheriff of Clinton County, Defendant Lajoye-Young both exercised and delegated his municipal final decision making power to her deputies and others. On information and belief, she also trained and supervised individual Defendants Kies, Kennema, Wheeler, and Vanlente

18. Defendant Clinton County and Lajoye-Young are properly sued directly under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Lajoye-Yount in her official capacity as the Sheriff of Kent County, and for those of any final delegated decision makers, with respect to various policies, decisions, widespread habits, customs, usages, and practices.

**IV CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Excessive Force in violation of the 4th and 14th Amendments**
(Against Defendants Kies, Kennema, Wheeler, and Vanlente)

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

21. Plaintiff in this action is a citizen of the United States and all of the individual Deputy Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

22. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Deputies of the Kent County Sherriff's Department, and their acts or omissions were conducted within the scope of their official duties or employment.

23. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

24. Any reasonable deputy knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

25. Defendants Kies, Kennema, Wheeler, and Vanlente's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

26. Defendants Kies, Kennema, Wheeler, and Vanlente's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant deputies shocks the conscience and violated these Fourteenth Amendment

5

rights of Plaintiff.

27. Defendants Kies, Kennema, Wheeler, and Vanlente seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of her freedom.

28. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

29. None of the Defendant deputies took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant deputies or from excessive force of any other responding deputies despite being in a position to do so.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other deputy.

30. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

31. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

32. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

33. These individual Defendants acted in concert and joint action with each other.

34. The acts or omissions of Defendants as described herein intentionally

deprived Plaintiff of her constitutional rights and caused her other damages.

35. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

36. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions to Plaintiff.

37. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

38. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her "take down" and beating injuries at the hands of Defendants, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1983 in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the 14th Amendment and 42 U.S.C. § 1981**
(Against Defendants Kies, Kennema, Wheeler, and Vanlente)

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

7

40. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

41. Plaintiff in this action is a citizen of the United States and all of the individual Deputy Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

42. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Deputies of the Kent County Sheriff's Department, and their acts or omissions were conducted within the scope of their official duties or employment.

43. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by Defendant deputies and to enjoy the equal protection of the laws.

44. Title 42 U.S.C. § 1981 ("Section 1981") provides in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

45. Plaintiff, as an African American is a member of protected class, and thus also had the clearly established statutory right under this provision 42 U.S.C. § 1981 to be free from racially motivated beatings at the hands of Defendants.

46. Any reasonable law enforcement officer knew or should have known of

8

these rights at the time of the complained of conduct as they were clearly established at that time.

47. Plaintiff's race was a motivating factor in the decisions to use excessive force upon Plaintiff. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

48. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

49. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

50. These individual Defendants acted in concert and joint action with each other.

51. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

52. Defendants are not entitled to qualified immunity for the complained of conduct.

53. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

54. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be

determined at trial.  As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

55. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her "take down" injuries, in amounts to ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

56. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
 (Against Kent County Michigan, and Defendant Michelle Lajoye-Young)

57. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

58. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate

proceeding for redress. . .

59. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

60. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

61. Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

    b. the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1981; and,

    c. the right to be free of cruel and unusual punishment, guaranteed by the Eight Amendment.

62. Defendants Kent County and Lajoye-Young knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

63. The acts of omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

64. Defendants are not entitled to qualified immunity for the complained of conduct.

65. Defendants Kent County and Lajoye-Young were at all times relevant, policymakers, and in that capacity established policies, procedures, customs, and/or practices for the same.

66. These Defendants developed and maintained policies, procedures,

customs, and/or practices exhibiting deliberate indifference to the constitutional rights of those in its custody, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

67. These Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its deputies in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff.

68. In light of the duties and responsibilities of those deputies that participated in Plaintiff's beating and the reports that resulted therefrom, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

69. The deliberately indifferent training and supervision provided by these Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Kent County and Sheriff Michelle Lajoye-Young and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

70. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein

entitling him to compensatory and special damages, in amounts to be determined at trial.

As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses in amounts to be established at trial.

71.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his beating injuries, in amounts to ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

### FORTH CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Deliberately denying medical care in violation of the Eighth, Fourteenth, and in violation of 42 U.S.C. § 1981**
(Against All Defendants)

72.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

73.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

74.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

75.    The Defendants to this claim at all times relevant hereto were acting under the color of state law.

76. At the time Plaintiff arrived at Defendants facility, she repeatedly requested medical treatment, inasmuch as she had just been taken down by four deputies without cause to do so; however, Defendants denied medical treatment to Plaintiff, even after she was severely injured.

77. Defendants' failure to treat Plaintiff was a violation of Plaintiff's Eighth Amendment rights because Defendants denied and delayed treatment with deliberate indifference to Plaintiff's serious medical needs.

78. Defendants knew or should have known that denying and delaying medical treatment was an excessive risk to Plaintiff's health. Defendants consciously disregarded this risk in violation of Plaintiff's Eighth Amendment rights. Defendants' failure to provide medical treatment was not based on legitimate differences in medical opinion but on deliberate indifference and conscious disregard for Plaintiff's serious medical needs.

79. Defendants' policy and practice to fail and refuse to treat Plaintiff was and is in deliberate indifference to Plaintiff's constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

80. At all relevant times, Defendants, in failing to medically treat Plaintiff have acted under color of State Law to deprive Plaintiff of his constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eight Amendment to the United States Constitution.

## V. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of

Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in amount to be determined at trial;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants and in amount to be determined at trial;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. Pre- and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

          Respectfully Submitted,
          LAW OFFICES OF:
          BRIAN E. MUAWAD, P.C.


          By: */s/Brian E. Muawad*
          Brian E. Muawad (P41209)
          Attorney for Plaintiff
          22330 Greater Mack Avenue
          St. Clair Shores, Michigan  48080
          (586) 778-8570

Dated: December 21, 2022